**Lewis Seeger, Appellee, v. Rachel Seeger, Appellant.**

**Gen. No. 5261.**

1. DIVORCE—*when denial of suit money proper.* If a wife is defeated, has means of her own and has been the recipient of an ante-nuptial provision, it is not improper for the court to deny suit money for the purpose of allowing her to prosecute an appeal.

2. DIVORCE—*when extreme and repeated cruelty established.* *Held,* under the evidence, that the acts of cruelty and the course of nagging pursued by the wife, were such as to justify the decree awarded.

Divorce. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

V. V. BARNES and ORVIS & BEAUBIEN, for appellant.

COOKE, POPE & POPE, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On February 19, 1908, appellee filed against appellant a bill for a divorce for extreme and repeated cruelty. The cause was heard on May 10 and 11, 1909, and a decree was entered on May 15, 1909, granting a divorce. Defendant below appeals therefrom, and insists that the bill does not state a case authorizing a divorce and that the proof does not make such a case. At the trial appellee was about 71 years of age and appellant was about 51. The parties were married in 1905, and separated in 1907, and the proof for appellee tends to show that while they remained in the same house till December, 1907, most of the time, yet they had not occupied the same room nor held marital relations with each other since April, 1906. Each of the parties had been married before. Appellee's first wife died in 1902, after they had been married to each other thirty-three years. Appellee had raised five children by that marriage and also five children which his first wife had when he married her. This was appellant's third marriage. She had been divorced from her second husband. It will be observed that appellee was an old man, while appellant was in the prime of life. Appellee's proof was that appellant took boiling water from the stove and threw it over his face and neck and thereby burned and scalded him; that she attacked him with an axe, threatening to split his head open; that she struck him on the arm with a board or club and caused the arm to swell, and thereby deprived him of its use for a time and caused him great pain; that, in the night time, she attacked him with a poker and drove him from the house and drove him to the police station; that she followed behind him and threatened to hit him over the head with the poker if he turned to the right or to the left; that she attacked him with a poker at other

times; that she grabbed him by the beard and pulled out his whiskers, which seem to have been of unusual length; that she came to his bed in the middle of the night and shook her fist in his face and threatened to give him a bloody nose; that on a number of occasions she threatened to kill him; that she called him "old fool," "old devil," "old whoremonger," "old baldhead," "old Dutch;" and that generally she pursued a course of nagging and aggravating conduct towards the old man which made his life utterly unbearable. If these were the facts we are of the opinion that they authorize a divorce, and that they were sufficiently charged in the bill of complaint. Appellant introduced proof denying some of these charges and explaining away others, and making appellee the original aggressor in still others. If the trial judge had believed appellant and her witnesses and had denied a divorce, no doubt that decree must have been affirmed here. But, for the same reason, this decree must be affirmed. The chancellor saw the witnesses and had a much better opportunity than we to determine where the truth lay, and we see nothing in the record which would warrant us in disturbing his conclusions on the merits.

The court allowed to appellant two sums of $50 each at different times for her solicitor's fees. After the divorce had been granted, she asked for solicitor's fees and money with which to prosecute an appeal. This the court denied, and it is argued that it should have been granted. Where a divorce case is decided in favor of the wife and the husband takes an appeal, it is highly proper that the wife should be granted the means wherewith to defend the decree, at least unless she has sufficient means of her own. But where the wife is defeated, we do not recognize the duty of the court to award her further suit money. In this case the wife had property of her own, and the parties had an ante-nuptial contract, and we think the court prop-

erly refused to award her further suit money after the divorce was granted. The decree is affirmed.

*Affirmed.*