## William Balswic, Appellee, v. Julia Balswic, Appellant.

### Gen. Nos. 5,577, 5,678.

1. APPEALS AND ERRORS—*when errors waived.* Errors assigned but not argued may be deemed to have been waived.

2. INSTRUCTIONS—*when not accurate in not confining jury to facts and circumstances in evidence.* An instruction is not harmful to defendant which states "If you believe from all the evidence, facts and circumstances in this case that the defendant is guilty of adultery it matters not that such belief on your part is based upon direct or circumstantial evidence or both, though not technically accurate in not confining the jury to the consideration of the facts and circumstances in evidence.

3. INSTRUCTIONS—*error cannot be complained of where party made same mistake.* Even if an instruction for complainant that "If you believe from all the evidence, facts, and circumstances in this case," etc. is erroneous, defendant cannot complain on the ground that it allowed the jury to go outside the evidence where some of her given instructions contain the words "under all the circumstances" and "if the facts and circumstances."

4. EVIDENCE—*instruction as to preponderance of evidence where adultery is charged.* An instruction in a divorce proceeding that a greater amount than a preponderance of the evidence is required to find one guilty of adultery is erroneous.

5. EVIDENCE—*when time and place of conversation between parties need not be shown.* In divorce proceedings it is not error to allow a witness to show a conversation between the parties though the time and place of such conversation has not been shown.

6. EVIDENCE—*when question properly excluded as assuming existence of a fact.* In divorce proceedings a question to complainant as to when he first began to quarrel with his wife about going with other men is properly excluded as assuming that he quarreled with her.

7. EVIDENCE—*exclusion of question subsequently answered in effect.* A party cannot complain that a question was improperly excluded where an answer was subsequently permitted to a question to the same effect.

8. EVIDENCE—*when party cannot complain that objection to question was overruled.* Defendant cannot complain that his objection to a question was overruled where such question was not answered but was changed in form and answered without objection.

9. DIVORCE—*verdict.* A verdict in divorce proceedings stands exactly like a verdict in an action at law.

10. AMENDMENTS—*when amendment after verdict by changing name mentioned proper.* In divorce proceedings on the ground of adultery where the bill charges adultery with one Bachtus about seven years before and the evidence tends to show adultery with one Pochtus shortly before the trial, it is not reversible error, after verdict that defendant was guilty of adultery with Pochtus, and pending a motion for new trial, to allow an amendment changing the name Bachtus to Pochtus where no objection was made on the ground of variance, the names being *idem sonans.*

11. AMENDMENTS—*when assumed no surprise worked.* It must be assumed that an amendment to the bill in divorce proceedings worked no surprise where it was made without objection or intimation of surprise.

12. APPEALS AND ERRORS—*when question as to sufficiency of bill waived.* By answering the bill and going through the trial without any objection as to the sufficiency of the bill, defendant in divorce proceedings waives the right to raise the question of its sufficiency in the Appellate Court.

13. APPEALS AND ERRORS—*when defendant cannot urge insufficiency of bill.* Where defendant answers the bill and goes through the trial without objecting to its sufficiency, he waives the right to urge its insufficiency in a motion for new trial and then urge the point on appeal to the Appellate Court on the ground that the court erred in not granting a new trial.

14. DIVORCE—*suit money on appeal by wife.* There is no statute authorizing an allowance of suit money and solicitor's fees to the wife who appeals from a divorce decree against her for misconduct.

Appeal from the Circuit Court of Will county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed October 15, 1912. Rehearing denied April 2, 1913.

URBAN P. GALLAGHER and FRANK J. WISE, for appellant.

LAGGER & BLATT, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee filed his bill for divorce, charging cruelty, habitual drunkenness and adultery. Appellant answered, denying all the charges. Replication was filed to such answer, and under the issues so formed, a trial

was had by the court and a jury called pursuant to the statute on appellant's motion. During the trial the charges of cruelty and habitual drunkenness were withdrawn, and the cause was finally submitted to the jury on the issue of adultery only. The jury returned a verdict finding the appellant guilty of adultery with one Charles Pochtus. A motion for a new trial was made, and pending the motion for a new trial, leave was asked and granted to appellee to amend his bill, which was accordingly done, in effect changing the name, "Charles Bachtus," to "Charles Pochtus." The motion for a new trial was overruled and a decree of divorce was entered on the verdict of the jury. From this decree an appeal was taken to this court. Appellant assigns numerous errors, but confines herself, and specifically points out to this court in her argument the following: (1) The verdict and decree are not supported by, and are contrary to the evidence; (2) errors in rulings on evidence; (3) errors in instructions. All other errors assigned are by this court deemed to have been waived by appellant. Harrow v. Grogan, 219 Ill. 288; Banfill v. Twyman, 172 Ill. 123; Lingle v. West Chicago Park Com'rs, 222 Ill. 384. Complaint is made of 4 instructions given at the request of appellee, and of 1 instruction refused, asked by appellant. The instruction given for appellee first complained of is as follows: "If you believe from all the evidence, facts, and circumstances in this case that the defendant is guilty of adultery, it matters not that such belief on your part is based upon direct or circumstantial evidence, or both." The first criticism made by appellant is that it did not confine the jury to the consideration of the facts and circumstances in evidence, but allowed them to go outside the evidence to find facts and circumstances. While not technically accurate we cannot see that this instruction was harmful to appellant. While the precise point argued in this case was not specifically argued in the following cited cases, yet in Chicago & E. I. R. Co. v. Rains, 106

Ill. App: 539, and in the Supreme Court in Pioneer Cooperage Co. v. Romanowicz, 186 Ill. 9, an instruction similar in phraseology is held to be good. Even if it be conceded that this instruction is erroneous this court would not be justified in reversing the decree for such an error because appellant fell into a similar or worse error in some of her given instructions, in which the words, ''under all the circumstances,'' or ''if the facts and circumstances,'' were used, and is therefore in no situation to complain. A party cannot complain of an error in instructions when the same error is found in the instructions of the complaining party. McInturff v. Insurance Co. of N. A., 248 Ill. 92. The bill charges adultery with other men than those specifically named. Suspicious circumstances to say the least, were testified to in connection with Pochtus, Greenas and Rokus. It was proper for the court to give instructions on the question of adultery with any one, or all, of the parties named in the evidence and such instructions do not direct the attention of the jury to anything not alleged in the bill. Either the allegation of adultery with other men than those specifically named, or the allegation of adultery with those specifically named, were proper subjects of inquiry in the case, under the evidence, and it was proper for appellant to ask, and for the court to give, instructions based on the evidence as to either, or all, of such allegations. The first refused instruction is justly open to the criticism that it had the tendency to mislead the jury, because it told them, if it had been given, that a greater amount than a preponderance of the evidence was required to find one guilty of adultery. The Supreme Court has repeatedly held that adultery may be established by a preponderance of the evidence. Stiles v. Stiles, 167 Ill. 576; Lenning v. Lenning, 176 Ill. 180; Heyman v. Heyman, 210 Ill. 524. Nothing reversible is perceived in any of the points made by appellant on the giving or refusing of instructions. It is claimed to be error for the court

to have ruled that a conversation between the parties to the suit might be shown by the witness Behrens over the objection that the time and place of the conversation asked for had not been shown. There is no rule of evidence requiring the time and place to be fixed to show conversations with, or admissions of, a party to the suit. On cross-examination all such information can be elicited if desired. There is no error in that ruling of the court. The admissions of a party against his interest are substantive proof and may be shown in the first instance without a previous examination of the party making the admission and without first locating the time when, or place where, the admission was made. Second Borrowers & Investors Bldg. Ass'n 1. Cochrane, 103 Ill. App. 29, and authorities therein cited. It is next said that the court erred in sustaining an objection to the question asked appellee on cross-examination, which question was as follows: "When did you first begin to quarrel with your wife about going with other men?" Objection to this question was made on the ground it assumed that appellee had quarreled with his wife. The objection was sustained. The ruling was technically correct. Even if it be conceded such ruling was error, the next question put by appellant's counsel was the same in effect, to which appellee interposed an objection, which was overruled, and the witness allowed to answer. Appellant's counsel saw fit to pursue the inquiry no further. Next, appellant complains of a ruling of the court on an objection to a question which was never answered by the witness. The question put to the witness was as follows: "Now did you ever see these two parties that I have just named go into a bedroom?" Objected to and overruled. The question was not answered. Then counsel for appellee stated he would change the form of the question, which he did, and the question as changed was answered without objection. Appellant requested a jury trial, and her case was heard and decided by the jury as to all

questions of fact. No reversible error is shown in rulings on evidence, or in the instructions given to the jury or in refusing instructions asked. The verdict of the jury stands exactly like a verdict in a suit at law, and is controlled by the same rules that are applicable to a verdict in a suit at law. This court must be satisfied the verdict is clearly against the weight of the evidence before it would be justified in reversing the case on a question of fact. The rule of law is that any competent evidence, direct or circumstantial, that satisfies the minds of the jury as reasonable and just men, that parties charged with adultery are guilty of it is sufficient to sustain their verdict. There is a large preponderance of evidence that appellant was of a lascivious disposition, evidenced by her conduct with men other than her husband; that she was guilty of taking improper liberties with other men and soliciting other men to have sexual intercourse with her. Her acts as shown by the evidence largely preponderate on the side of illegitimate sexual intercourse. Not one, but several, testify to different lascivious acts. She alone denies each charge made, but the jury were justified in believing that several witnesses would hardly be willing to swear falsely to the several acts of improper conduct of appellant detailed by them and the jury believed the witnesses for appellee. On one of the occasions testified to, appellant went into a bed-room with a man other than her husband and remained a few minutes and the bed, which was made up before, was all mussed up, as the witness says, soon after she and the man were in the room and came out. Another witness testifies to having seen appellant and Charles Pochtus come out of a bed-room. The bill charges adultery with one Charles Bachtus. The evidence related to Charles Pochtus. The evidence of a witness places Pochtus and appellant late a night in a dark place between two factories, where they went together and remained ten or fifteen minutes, and then came out. The bill charges adultery

with Charles Bachtus about seven years before. The testimony as to Pochtus was at a later date. No objection was made on the ground of variance at the trial. If there had been, the bill could have been amended. No continuance was sought on the ground of surprise. The evidence all related to Pochtus. The names Bachtus and Pochtus can be so pronounced as *to be idem sonans.* After verdict the bill, without objection, was amended and changed to "Pochtus." There was no reversible error in the record in that regard—first, because the names are *idem sonans,* and second, because the point was not saved at the trial by any objection on the ground of variance. There was no motion for a continuance on the ground of surprise. Again, there was a charge in the bill of adultery with other men under which the evidence as to Charles Pochtus could have been admitted. The witness Norbitt testified about Charles Pochtus and that he was his boarder. It is clear from the record that appellant knew of Norbitt's testimony. Appellant heard Norbitt testify about Pochtus and herself being at a social gathering held at the house of one Alex about a year before the trial and that she and this boarder went to Norbitt's house and took Norbitt's child there and put it to bed and then went between the factories. She did not testify she did not know such a boarder, but denied she went to Norbitt's house with Pochtus, or any other man. As there was such a man and he boarded at Norbitt's house and as she did not testify she did not know Norbitt's boarder, it is sufficiently clear, when all of the evidence is considered, that she must have known to whom the evidence related. If, because he was called by another name, she was taken by surprise and wished to have time to find him she should have asked a postponement of the trial for that purpose. If a new trial had been granted to enable her to produce Pochtus his evidence would be cumulative only and would not necessarily be believed by the jury, for under the evidence the jury were justi·

fied in believing appellant was not entitled to much credence. It is sufficient to say, that in the opinion of this court, a *prima facie* case was made by appellee which was not changed by the evidence introduced by appellant, so that the court did not err in refusing to sustain motions for a directed verdict, either at the close of complainant's testimony, or at the close of all the testimony. If appellant was not satisfied that the bill was sufficient the proper course for her to have taken was to demur to the bill and not answer and then wait until after trial and verdict. As we read the record, no objections were urged during the trial on the ground of variance. The amendment to the bill by which the name Bachtus was changed to Pochtus, we are bound to assume, worked no surprise on appellant, because it was made without objection or exception, or even an intimation that she was surprised thereby and hence it was regular and proper. Franke v. Hanly, 215 Ill. 216. It is too late after a trial on the merits and a verdict to raise questions on the sufficiency of the bill. By answering the bill and going through trial without any objection which would raise questions as to the sufficiency of the bill, thus treating the bill as if sufficient, appellant waived the right to raise the question of insufficiency in this court, or even to urge the point on a motion for a new trial in the trial court, and then for that reason urge the point on appeal in this court on the ground that the court erred in not granting a new trial. Bevans v. Murray, 251 Ill. 603; Pinkerton v. Sydnor, 87 Ill. App. 76; Chicago & A. R. Co. v. Murphy, 99 Ill. App. 126; Bennett v. The Chicago City Ry. Co., 243 Ill. 420. No reversible error is perceived in the record as to the points that the allegations of the bill are not sufficient to support the decree, or that the court erred in denying appellant's motion for a directed verdict, or in denying appellant's motion for a new trial. Seeing no reversible error in the record, the decree of divorce is affirmed. Consolidated and taken with the appeal on the divorce decree is the appeal from a sub-

sequent order of the trial court denying a motion for suit money, etc., and that appeal will now be considered. Appellant's motion is for suit money and solicitor's fees in the matter of the appeal prayed in the divorce suit, case General No. 5577 and is necessarily based on Section 15, Chapter 40, Hurd's Revised Statutes. That section of the statute provides that where a husband takes an appeal he can be compelled to pay for the wife's defense on appeal, but does not provide for any payment for the wife to prosecute an appeal taken by her. This court in Seeger v. Seeger, 154 Ill. App. 38, held in a similar case that it did not recognize it as the duty of the court to award suit money to prosecute an appeal from a decree against the wife. In the absence of a statutory provision controlling the question, when the husband obtains a divorce on account of the misconduct of the wife, the latter will not be entitled to alimony. Spitler v. Spitler, 108 Ill. 120. We hold that there is no statute authorizing an allowance of suit money and solicitor's fees to prosecute an appeal by the wife from a decree of divorce against her for adultery.

The divorce decree appealed from and the subsequent order denying allowance of suit money and solicitor's fees, are each affirmed.

*Affirmed.*