## Mary Jane Shaffer, Appellee, v. Ralph Austin Shaffer, Appellant.

### Gen. No. 25,270.

DIVORCE, § 80*—*when wife is not entitled to solicitor's fees and costs.* Where a wife's bill for divorce has been dismissed for want of equity, she is not entitled to an order that, pending the appeal from the decree against her, her husband shall pay alimony, solicitor's fees and the various costs of the suit on appeal, under Rev. St. ch. 40, sec. 15 (J. & A. ¶ 4230), which provides for the payment of such allowances to her when the defeated husband prosecutes the appeal.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Reversed. Opinion filed October 6, 1920.

CULVER, ANDREWS, KING & STITT, for appellant.

FREDERICK A. BANGS, for appellee; RICHARD H. COLBY, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On October 2, 1917, the complainant, Mary Jane Shaffer, filed a bill of complaint asking a divorce from her husband, Ralph Austin Shaffer. The bill charged that they were married on October 25, 1902, in the State of Texas; that she had lived and cohabited with the said defendant as his wife until October 2, 1917, when he deserted her and their two children. The bill of complaint further charged the defendant with habitual drunkenness and with adultery. It also sets up that the defendant is a sales manager and receives a salary of from $500 to $600 per month. The prayer of the bill asks for divorce and that she be

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

awarded the children, and for maintenance and solicitor's fees.

To the bill of complaint the defendant filed an answer, in which he admits that he was married to the plaintiff, but denies that he deserted her and their children or that he has been guilty of habitual drunkenness or adultery.

On March 4, 1918, a replication was duly filed and on March 11, 1919, the complainant filed with the clerk of the court a notice to the effect that at the opening of court a certain petition attached to the notice would be presented to the chancellor.

That petition recites, among other things, that there had been a trial and finding of the court in favor of the defendant; that the petitioner believed and was informed that the evidence offered on the trial entitled her to a decree of divorce and that she would be able to substantiate her claim before the Appellate Court; that she has prayed for and been granted an appeal.

By her petition also she alleges that she is destitute; that the defendant is the owner of ample property to justify his advancing what may be necessary for her and her children's support and for solicitor's fees, costs and expenses. The petition prays that he be required to pay her a reasonable sum for her support and maintenance during the pendency of the suit, and such sums as may be necessary to enable her to prosecute her appeal, to pay solicitor's fees and defray the other necessary costs and expenses.

On March 15, 1919, a decree was entered which set forth that, after hearing the evidence and finding that the defendant had not been guilty of either habitual drunkenness or adultery and that the equities were with him, the bill of complaint should be dismissed for want of equity.

On the same day, the appeal bond of the complainant was approved and an order was entered directing that the defendant within 60 days from the entry of

the order should pay to the complainant for her so-
licitor's fees upon said appeal the sum of $100; for
transcript of the evidence taken upon the trial $120;
for transcript of the record to be used upon appeal
$20; for complainant's appearance fee in the Appel-
late Court $10; for the printing of the abstracts in the
Appellate Court $120; for the printing of complain-
ant's briefs $40; and that the defendant pay to the
complainant every month the sum of $180 as alimony
pending said appeal commencing April 1, 1919.

The order of March 15, 1919, was based in part upon
the affidavits of the complainant and her attorney, in
which affidavits there are set forth the various amounts
which it is claimed it will cost to consummate the com-
plainant's appeal.

The appeal of the defendant is from the order of
March 15, 1919, by which there was allowed alimony,
solicitor's fees and the costs necessary to the perfec-
tion of the appeal in the Appellate Court.

The question arises whether, where a wife files a
bill for divorce and charges her husband with deser-
tion and adultery and there is a trial, and the chan-
cellor orders the bill dismissed for want of equity, she
is entitled to an order that, pending the appeal from
the decree against her, her husband shall pay to her
alimony, solicitor's fees and the various costs of the
suit upon appeal.

Section 15, chapter 40 of the statutes of the State
of Illinois, J. & A. ¶ 4230, provides as follows: ''In
all cases of divorce the court may require the husband
to pay to the wife, or pay into court for her use dur-
ing the pendency of the suit, such sum or sums of
money as may enable her to maintain or defend the
suit; and in every suit for a divorce, the wife, when
it is just and equitable, shall be entitled to alimony
during the pendency of the suit. And in case of ap-
peal or writ of error by the husband, the court in
which the decree or order is rendered, may grant and

enforce the payment of such money for her defense, and such equitable alimony during the pendency of the appeal or writ of error, as to such court shall seem reasonable and proper.'' In *Seeger v. Seeger,* 154 Ill. App. 38, in which the husband filed a bill and obtained a decree of divorce on the ground of adultery, the court said: ''After the divorce had been granted, she asked for solicitor's fees and money with which to prosecute an appeal. This the court denied, and it is argued that it should have been granted. Where a divorce case is decided in favor of the wife and the husband takes an appeal, it is highly proper that the wife should be granted the means wherewith to defend a decree, at least unless she has such means of her own. But where the wife is defeated, we do not recognize the duty of the court to award her further suit money.'' Although that language, taken by itself, seems decisive of the instant case, it must be borne in mind that the court in that case rested the decision in part, at least, upon the fact that ''the wife had property of her own, and the parties had an antenuptial contract.'' The only other pertinent case is *Balswic v. Balswic,* 179 Ill. App. 118, and that is based upon the *Seeger* case, *supra.* In the *Balswic* case, where a husband sued his wife for a divorce, charging adultery, and obtained a decree in his favor, and an appeal was taken by the wife, the court said, referring to section 15, chapter 40, *supra:* ''That section of the statute provides that where a husband takes an appeal he can be compelled to pay for the wife's defense of appeal, but does not provide for any payment for the wife to prosecute an appeal taken by her.''

Counsel for the complainant calls our attention to decisions of the courts of the States of New York, Wyoming, Missouri, Michigan and Pennsylvania, which pertain to the interpretation of the statutes of those States on appeals similar to that in the instant

case. Although there is considerable likeness between the various statutes of those States and ours, there is by no means an entire similarity. Inasmuch as in section 15, chapter 40, *supra,* it is provided affirmatively that in case of appeal or writ of error by the husband, the court may grant and enforce payment of suit money for her defense during the pendency of the appeal or writ of error, it would seem to follow that the legislature did not overlook the case where the wife failed in the lower court, but intended definitely to exclude any right on the part of the wife to a decree for solicitor's fees, alimony and suit money where she has been defeated in the trial court and the suit was still pending in a court of review. The first part of section 15 which uses the phrase, "during the pendency of the suit," would undoubtedly by itself—as a suit is just as much pending when in a court of review as in a trial court—justify the allowance; but we are unable to escape the conclusion that the section, taken as a whole, means that such moneys are not allowed when the appeal is taken by the wife. It is true that the chancellor in the exercise of his discretion undertook to order the husband to make appropriate payments pending the appeal, and that, we assume, was the result of his judgment that, as a matter of justice, the litigation ought to be passed upon by a court of review, but, however, as the whole matter is based upon the meaning and intention of the statute, and we are of the opinion that the statute does not justify the order, what the chancellor thought of the merits of the controversy and the justification of the appeal becomes immaterial.

The order of March 15, 1919, which provides for the payment of alimony, solicitor's fees and suit money pending the complainant's appeal, is set aside and the decree to that extent reversed.

*Reversed.*

O'CONNOR and THOMSON, JJ., concur.