LUCILLE M. McLEOD, Plaintiff-Appellee, *v.* RENARD H. McLEOD, Defendant-Appellant.

(Nos. 54681, 54682 cons.;

First District—May 17, 1971.

Brown, Brown, Greene & McLaughlin, of Chicago, for appellant.

Stradford, Lafentant, Gibson, Fisher & Cousins, of Chicago, for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Defendant (husband) appeals from an order denying his motion to

vacate a default decree for divorce on grounds of desertion. These are the pertinent facts:

The wife filed suit on February 26, 1968. Defendant was served with summons July 14, 1969. Defendant filed his appearance late, on August 18, 1969. (Supreme Court Rule 181 (a).) No copy of the appearance was ever served upon counsel for plaintiff. (Supreme Court Rule 104 (b).) No answer to the complaint was filed by defendant. On September 9, 1969, on motion of plaintiff and without notice to defendant, the court entered an order defaulting defendant for failure to appear or plead. On the same morning, plaintiff made proof *ex parte*. On September 16, 1969, the decree for divorce was entered. The decree provided for payment of plaintiff's attorney's fees in the amount of $500.00. The question of alimony was reserved for future consideration. No children are involved in this proceeding.

For a time prior to the entry of the decree, counsel for both parties had negotiated and conversed about the matter. For example, on September 9, 1969, the very afternoon of the default hearing, counsel had discussed the case and plaintiff's counsel had been specifically advised of the filing of the appearance by counsel for defendant but did not inform him regarding the *ex parte* action.

On September 26, 1969, pursuant to due notice, defendant filed a petition to vacate the decree. The petition denied desertion and alleged, to the contrary, that plaintiff had willfully refused to live with defendant. With leave of court, an answer to the petition was filed by plaintiff. On October 15, 1969, after a hearing, the court denied the petition to vacate the decree and ordered that defendant pay plaintiff's attorney's fees in the amount of $150.00.

Upon perfection of the appeal by defendant, plaintiff filed a motion for allowance of additional attorney's fees. The motion was supported by an affidavit of counsel to the effect that the reasonable value of the services which would be rendered before this court was the sum of $2,500.00. A counter-affidavit was filed by counsel for defendant setting forth that plaintiff was financially able to pay her own attorney's fees. A counter-affidavit by defendant was also filed alleging that plaintiff is the holder of a master's degree and earns in excess of $10,000.00 per year and that plaintiff is a welder working outside whose earnings are decreased in winter. On November 21, 1969, the court ordered payment by defendant to plaintiff's counsel of $1,000.00 "for temporary fees pending appeal." Defendant has appealed from this order and the separate appeals have been consolidated for hearing in this court.

■■ The rights of these parties are readily determined by applicable authority. The verified petition to vacate the decree of divorce was filed

ten days after the entry of the decree. This in itself is evidence of diligence. The petition set forth a meritorious defense. However, since the motion was made within thirty days after the entry of the decree, the court had full power to vacate the default merely upon the showing of "good cause." (Ill. Rev. Stat. ch. 110, par. 50 (5). See historical and practice notes S.H.A., ch. 110, par. 50 at page 403. See also, *Adams v. Grace,* 128 Ill.App.2d 69, 76; *Younkins v. Younkins,* 121 Ill.App.2d 416, 421; and *Daily Journal v. Smith,* 118 Ill.App.2d 411, 418.) It was an abuse of discretion for the trial court to deny the motion to vacate the default decree. It is basic justice that every litigant is entitled to his day in court. The decree should be reversed and the cause remanded for further proceedings.

■■■ As regards the separate appeal concerning attorney's fees, there is no evidence in this record of the inability of plaintiff to pay her own attorney's fees. It has long been the law in Illinois that in a divorce proceeding allowance of attorney's fees is not automatic but depends upon a showing that one of the parties is financially unable to pay their own fees and that the opposing party does have such ability. (*Ganzer v. Ganzer,* 110 Ill.App.2d 394, 398; *Cimino v. Cimino,* 93 Ill.App.2d 412, 418; *Berg v. Berg,* 85 Ill.App.2d 98, 101; *Lauzen v. Lauzen,* 81 Ill.App.2d 472, 476; *Roback v. Roback,* 59 Ill.App.2d 222, 231; and *Jones v. Jones,* 48 Ill.App.2d 232, 239.) Upon the record here, it was an abuse of discretion for the trial court to allow attorney's fees to plaintiff. No order for payment of attorney's fees should have been entered.

We, therefore, order that the default decree for divorce entered September 16, 1969, be reversed and the cause remanded to the Circuit Court with directions that defendant be granted leave to file his answer and counterclaim instanter and that the cause then proceed in due course. We further direct that the order for allowance of attorney's fees entered November 21, 1969 be reversed.

Default decree of September 16, 1969 reversed and cause remanded with directions to permit defendant to file answer and counterclaim and for further proceedings. Order for allowance of attorney's fees entered November 21, 1969 reversed.

BURKE, P. J., and LYONS, J., concur.