SHAWN KINZORA, Plaintiff-Appellee, *v.* MARC KINZORA, Defendant-Appellant.

Fourth District   No. 13201

Opinion filed April 8, 1976.

G. William Horsley and Henry L. Gentry, both of Springfield, for appellant.

Eldon H. Becker, of Petersburg, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The wife filed suit for divorce. The trial court granted her the divorce, custody of the couple's child, child support and alimony. The husband is appealing.

Three issues are raised on appeal: (1) Whether the trial court erred by awarding alimony to the wife; (2) Whether the trial court erred by refusing to hear new evidence from the husband after the close of the trial; and (3) Was there error in awarding attorney's fees to the wife to defend the appeal. We affirm the trial court.

At the hearing the wife testified about her financial need and ability to meet that need. In sum she testified that she and the baby which was about 8 months old, were living at home with her parents (which had been the marital domicile). The only money she had was money from the joint savings and checking accounts of the couple which she had withdrawn when Marc left. She was not employed nor did she intend to find a job. She and Marc had agreed that she would stay home until the child was in school. She was 19 and the only work experience she had was as a stock clerk at a local department store for 8 months after her high school graduation. She testified that her husband was steadily employed and

making $5.84 an hour at the time of their separation. He worked a 5-day week and he also worked overtime. The wife listed her estimated monthly expenses if she and the child lived alone, as she desired to do. The expenses amounted to about $400 a month for her and the child.

After the wife rested her case, the husband declined to present any testimony. The trial court awarded Shawn $180 per month for child support and $200 per month alimony. The court also ordered that each party pay their own counsel fees, refunds due and debts be split down the middle, the husband gets one car, the wife the other and the wife retains the money she withdrew from the savings account.

■■ On appeal defendant argues that the alimony award is too high. The measure of alimony is the need of one spouse compared with the other's ability to pay. The award of alimony is within the sound discretion of the trial court and this court will not disturb it unless there has been a clear abuse of discretion or unless the judgment is against the manifest weight of the evidence. (*Scruggs v. Scruggs*, 23 Ill. App. 3d 1004, 320 N.E.2d 406.) The husband first argues that the wife did not prove her actual need or defendant's ability to pay. The wife did specify her estimated expenses in considerable detail. In addition, the husband's counsel disputed only the validity of two items and both those objections were specifically considered by the judge. On this appeal, defendant argues that Shawn and the baby have not yet moved out of her parents' home to prove that the alimony (which includes $120 a month for rent) is too high. However, that is irrelevant on this appeal which is concerned with the status of the parties as of the date of the order. If the husband thinks this a substantial change in circumstance, it is his right to present a motion for reduction in alimony to the trial court.

Defendant also argues that the plaintiff is able to work and that she should not be able to collect alimony when she remains voluntarily unemployed. We find no abuse in the award. The wife's testimony, that the parties had agreed she would stay home and take care of the child until school age, is uncontradicted. If the wife did not take care of the child someone else would have to and would have to be paid for it. Defendant's argument that his wife's mother could do such babysitting is not convincing. The mother is not a party to this suit and she certainly has no legal duty to assume the care of the grandchild. It is not an abuse of discretion to award alimony to a young woman so that she may devote her time to the care of the preschool age children of the marriage, as long as the husband is financially able to pay.

■■ Defendant also argues that the alimony is more than he is able to pay. However, defendant is precluded from urging this on appeal. Shawn's testimony was uncontradicted at trial. If Marc had thought that her estimate of his income was too high, or that his specific expenses

needed to be considered, he was in attendance with counsel and could have presented his own evidence. The court is to examine the circumstances of the parties in determining alimony but it can examine only what has been presented to it. (*Corcoran v. Corcoran*, 79 Ill. App. 2d 328, 224 N.E.2d 611.) It was not error for the trial court to order alimony based on the testimony without demanding evidence which defendant did not seek to present. (*Corcoran v. Corcoran.*) Defendant, through his attorney, stated at the hearing that there was no dispute as to wages.

At the trial, the plaintiff-wife presented her evidence, but defendant declined to present any testimony on his behalf. The trial court orally announced its findings and judgment. Within a few days defendant obtained new counsel and filed objections to the decree and a motion for reconsideration. The trial court then re-examined the evidence and modified the decree by denying award of attorney's fees to the wife on the ground that there was no evidence in the record upon which the fee could be based. The court refused to consider evidence by the husband. The husband wished to present evidence that he had been under the impression counsel for the parties had agreed there was to be no alimony for the wife. He also wished to present evidence concerning his financial condition.

■■ Defendant argues on appeal that it was an abuse of discretion for the trial court to refuse to reopen the case after the oral findings had been announced but before a written order was prepared. We disagree. Once a case has been closed, neither party, as a matter of right, can reopen it to introduce new testimony. *Department of Public Works & Buildings v. First National Bank*, 61 Ill. App. 2d 78, 83, 209 N.E.2d 21, 23.

■■ In order to support his contention that he was misled by counsel he attached the correspondence between his wife's counsel and his own to his motion. That correspondence, instead, clearly shows that the parties could reach no agreement. Defendant was present at the hearing when the wife testified to her need and desire for alimony. He could have objected but he did not. We find no abuse in the refusal of the trial court to allow testimony on this issue.

The husband also contends that he should have been allowed to present evidence of an obvious error in the findings. The alimony included a sum for rent as the wife testified she wished to move away from her parents. The alleged error is that the wife has not moved away. This contention, although it may be the basis for a petition to modify the alimony, cannot be the basis for reconsideration of the court's findings as those findings are grounded in the situation at the time of trial. This is an appeal from a divorce action and is concerned only with the propriety of the findings and judgment at the time it was rendered. As to the second contention, if the husband felt that the information before the court concerning his fi-

nances was inadequate, he had his chance to inform the court at the time of the trial. Later is too late (*Corcoran v. Corcoran*), and we find no abuse.

■■ Defendant last argues that it was error for the court to award the wife attorney's fees to defend the appeal. Unquestionably, the trial court has the right to award fees to defend on appeal. (Ill. Rev. Stat. 1973, ch. 40, par. 16; *Woodshank v. Woodshank*, 13 Ill. App. 3d 692, 300 N.E.2d 494.) This is a matter within the discretion of the judge. The party seeking the fees must show an inability to pay and the other party's ability to do so. Evidence was heard on these questions. The wife testified her only income is the alimony and child support from defendant, she has no money other than a minor sum which was earmarked for hospitalization insurance and car insurance payments, both of which were due in the near future, that she had not been able to save any money and was paying rent to her parents. Defendant testified to his expenses, which had increased considerably since the divorce. The trial court found that attorney's fees of $750 were reasonable to award plaintiff as she is unable to afford to pay and defendant could afford it if he had not changed his level of expenditures.

We do not find the award an abuse under these circumstances. The wife clearly has no assets of any substance and is caring for a very young child. The husband has a steady source of income and is better able to afford the fees.

The judgment of the circuit court of Menard County is affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.