LORRAINE T. WALBERG, Plaintiff-Appellee, *v.* JOHN M. WALBERG, Defendant-Appellant.

Second District   No. 76-90, 76-147 cons.

Opinion filed April 25, 1977.

48

Eugene F. Welter and Matthew J. Salita, both of Chicago, for appellant.

William F. Castillo, of Schaffner & Ariano, of Elgin, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Defendant herein has filed two separate appeals, the first being from the order of the trial court reducing the amount of alimony payable by him and the second appeal being from an order of the trial court awarding the plaintiff the sum of $750 for attorney's fees and costs of appeal. The cases have been consolidated for the purpose of this opinion.

The parties hereto were married on October 15, 1946. They were divorced on October 2, 1972, and at the time of the divorce the two children of the parties were emancipated. The decree of divorce provided that the defendant husband pay the wife the sum of $500 monthly for alimony based upon the husband's gross annual income of $23,000. On July 1, 1975, defendant filed a petition to modify the decree of divorce, by either terminating the alimony provisions of the decree or reducing the same based upon the present earnings of both parties and upon the

physical condition of the defendant. A hearing on the petition was originally set for July 15, 1975, but on July 11 it was reset for August 17 and the trial judge ordered that any reduction would be effective as of July 15, 1975. The hearing on the modification was had on August 18, 1975. On December 12, 1975, the trial court reduced the alimony payments from $500 a month to $350 a month. From that order the defendant appealed. On February 18, 1976, the trial court entered the aforementioned order providing for $750 attorney's fees and costs on appeal and the defendant has likewise appealed from that order.

■■ The defendant contends that the refusal of the court to either terminate the alimony payments required under the decree or to reduce the same to a bare minimum was against the manifest weight of the evidence or an abuse of the discretion of the trial court. The evidence discloses that the defendant had a stroke in December 1973 and was hospitalized for 20 days. He testified that since that time he suffered various disabilities, including difficulty in walking, double vision and is unable to work full time. It was stipulated by the parties that the defendant was presently suffering from cardiac insufficiency, angina, a severe case of hypertension and heart disease. As indicated above, the alimony payments provided for in the decree were based upon the defendant's earnings at that time of approximately $23,000 a year. The evidence discloses that for the year 1974 the defendant's income was reduced to approximately $18,000. Defendant estimated his income for the year 1975 would be between $14-15,000. The plaintiff, however, points out that this estimate does not take into consideration the fact that he is paying 25% of his gross earnings towards the purchase of a business from another insurance agent which, in effect, is a capital investment. Plaintiff also points out that he is using his home in which he resides with his second wife and is deducting as a cost of doing business the use of a portion of the premises for that purpose. The record further discloses that at the time of the hearing on the reduction of the alimony payments the plaintiff, who was unemployed at the time of the divorce, was gainfully employed as a clerk for Sears, Roebuck & Co., earning approximately $8,000 a year. Without going into detail as to the further assets of the defendant under his present marriage, we do not believe that the court abused its discretion in only reducing the monthly alimony payments from $500 to $350 a month. The parties here were married for a period of approximately 27 years and it is true the defendant's earning capacity was and probably still is reduced, we will not substitute our opinion for that of the trial court in this regard. A review of the record presented to us indicates the reduction ordered by the trial court was fair and proper based upon purported current income of the defendant at the time of the hearing on the petition for reduction of alimony payments and the current

earnings of the plaintiff who had become employed subsequent to the divorce.

A more interesting question is presented relative to the order of the trial court awarding the plaintiff the sum of $750 for attorney's fees and costs to prosecute her defense of the appeal by the defendant from the order of the trial court reducing the alimony payments. There appears to be a division of authority in Illinois as to whether or not the trial court may in fact award attorney's fees for the purpose of defending an appeal from a post-decretal order of the trial court. This is best typified by a comparison of the cases. In *Kinzora v. Kinzora* (1976), 37 Ill. App. 3d 290, 294, 345 N.E.2d 499, 502, the Fourth District appellate court stated:

> "Defendant last argues that it was error for the court to award the wife attorney's fees to defend the appeal. Unquestionably, the trial court has the right to award fees to defend on appeal. (Ill. Rev. Stat. 1973, ch. 40, par. 16; *Woodshank v. Woodshank*, 13 Ill. App. 3d 692, 300 N.E.2d 494.)"

On the other hand the First District, in *Horwitz v. Horwitz* (1970), 130 Ill. App. 2d 424, 428, 264 N.E.2d 723, 725, found in considering section 15 of the Divorce Act (Ill. Rev. Stat. 1965, ch. 40, par. 16):

> "However, this provision by its express terms applies only to matters culminating in the original divorce decree and does not authorize an allowance of attorney's fees to defend an appeal from a post-decretal order. Therefore, the trial court erred in ordering plaintiff to pay defendant's attorney an allowance for defense of plaintiff's initial appeal."

See also *Goldberg v. Goldberg* (1st Dist. 1975), 30 Ill. App. 3d 769, 775, 332 N.E.2d 710, 715; *Hall v. Hall* (1975), 25 Ill. App. 3d 524, 323 N.E.2d 541.

This court, in *Waltrip v. Waltrip* (1972), 3 Ill. App. 3d 892, 897, 279 N.E.2d 405, 409, found that:

> "Section 15 of the Divorce Act does not specifically limit the allowance of attorney's fees for defense of an appeal to an appeal from the divorce decree itself * * * we believe the language used by the legislature in providing fees for defense of an appeal indicates that the legislature contemplated that such fees could be awarded on post-decretal orders as well."

See also *Riddlesbarger v. Riddlesbarger* (1952), 348 Ill. App. 31, 107 N.E.2d 770.

■■ We adhere to our position as set forth in *Waltrip* and find that under the statute in effect at the time of the hearing herein the trial court could, under proper circumstances, award attorney's fees for the purpose of defending an appeal from a post-decretal order of the trial court. However, the question then arises as to when and under what

circumstances such attorney's fees and costs may and should be awarded. The court in *McLeod v. McLeod* (1971), 133 Ill. App. 2d 111, 113, 272 N.E.2d 834, 836, stated:

> "As regards the separate appeal concerning attorney's fees, there is no evidence in this record of the inability of plaintiff to pay her own attorney's fees. It has long been the law in Illinois that in a divorce proceeding allowance of attorney's fees is not automatic but depends upon a showing that one of the parties is financially unable to pay their own fees and that the opposing party does have such ability."

The court found that under the facts of that case that it was not an abuse of discretion for the trial court to allow attorney's fees to the plaintiff on appeal.

■■ The question thus presents itself as to whether or not the trial court did, under the facts of the case herein, abuse its discretion in awarding attorney's fees to the plaintiff for the purpose of defending the appeal. We believe that the awarding of attorney's fees herein to the plaintiff was not justified. Since the entry of the decree of divorce herein there is no evidence to indicate that the defendant did not at all times make the required $500 monthly alimony payments. It is to be presumed, and the record does not disclose otherwise, that the defendant has continued to make the reduced payments of $350 a month since the decree was modified. The defendant's income has obviously been somewhat substantially reduced as evidenced by the trial court's reduction of the amount of alimony payments and since the entry of the decree the plaintiff has become gainfully employed, earning approximately $8,000 a year. Based upon the reduced alimony payments of $350 a month, she received alimony payments of $4,200, which indicates a gross income to her of $12,200 per year. On the other hand, the defendant's income is slightly in excess of that. While we adhere to our prior ruling that attorney's fees and costs of appeal may be awarded under proper circumstances, we do not feel that such an award in the instant case was proper. It is true that the plaintiff testified in substance that her income was not sufficient to pay for the cost of appeal but the facts indicate otherwise. The pertinent statutory authority for the awarding of attorney's fees in divorce proceedings is found in section 15 of the Divorce Act which provided in pertinent part, at the time of the entry of the decree and the entry of the order modifying the alimony payments herein that:

> " * * * In case of appeal by the husband or wife, the court in which the decree order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall

seem reasonable and proper. * * *" (Ill. Rev. Stat. 1975, ch. 40, par. 16.)

This provision of section 15 was deleted by the legislature by Public Act 79-1360, effective October 1, 1976. This change in the amended act was pointed out in a motion filed by the defendant herein which we ordered taken with the case. The plaintiff has objected thereto. The objection is not well taken as this court has authority to consider any statutory modifications applicable to the cause being considered by this court. However, in view of our decision herein that the award of attorney's fees was improper based upon the facts presented to the trial court, we need not reach the question of whether the order entered herein could be affected by the statutory modification which took effect several months later.

The order of the trial court reducing the monthly alimony payments is affirmed. The order of the trial court awarding attorney's fees to the plaintiff for the purpose of this appeal is reversed.

Affirmed in part: reversed in part.

RECHENMACHER, P. J., and BOYLE, J., concur.