DINA P. FOX, Plaintiff-Appellee, *v.* WILLIAM D. FOX, Defendant-Appellant.

Fifth District   No. 76-498

Opinion filed January 12, 1978.

George J. Moran, Jr., and Charles R. Douglas, both of Granite City, for appellant.

James F. Thebeau, Jr., of Granite City, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The plaintiff, Dina P. Fox, was granted a divorce in the Circuit Court of Madison County, from the defendant, William D. Fox, on March 30, 1962. The defendant was ordered to pay $200 per month to the plaintiff for the support of the four minor children of the parties until further order of the court.

On May 27, 1976, plaintiff filed a petition for rule to show cause based on the defendant's failure to pay the full $200 per month as required by the divorce decree. A hearing was conducted, and on October 12, 1976, the circuit court entered judgment against defendant finding him to be $29,630 in arrears in child support payments. At the time this judgment was entered, the children of the parties were adults ranging in age from 22 to 31 years. Defendant was also found to be in wilful contempt of court and was sentenced to 90 days in jail with the proviso that he could purge himself of the contempt by paying $2,000 to the plaintiff. Defendant was ordered to pay the balance of the arrearage at the rate of $250 per month. Plaintiff was also awarded $400 for attorney's fees incurred in the prosecution of this action in the trial court. Subsequent to defendant's perfection of the appeal from this judgment, the trial court granted plaintiff's motion for attorney's fees on appeal with the amount being reserved until the termination of the appeal. Defendant now also appeals from that order.

On appeal, defendant does not dispute the amount of the judgment against him, but maintains that the circuit court: (1) had no jurisdiction to enforce payments of accrued child support by contempt proceedings after all of the children of the parties had become adults; (2) erred in sentencing defendant to serve a definite period of time in jail for civil contempt; (3) erred in ordering defendant to make payments to plaintiff under penalty of contempt that he was financially unable to meet; (4) erred in awarding attorney's fees to plaintiff to defend this appeal.

In arguing that the trial court had no jurisdiction to enforce payments of accrued child support by contempt proceedings after the children had attained majority, defendant relies solely upon decisions in other jurisdictions. As far as we can determine, the question presented is one of first impression in the reviewing courts of Illinois, and the Illinois cases cited by the plaintiff in support of the contempt order did not consider this precise issue.

■■■ Under the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) the trial court is empowered to enforce payment of support money in any manner consistent with the rules and practices of the court. "Contempt proceedings have long been an appropriate method of enforcing the

terms of divorce decrees." (*Taapken v. Taapken*, 39 Ill. App. 3d 785, 787, 350 N.E.2d 794. See also *Shaffner v. Shaffner*, 212 Ill. 492, 72 N.E. 447.) However, the majority of jurisdictions which have considered this exact issue have found that after the children reach their majority, a divorced party cannot cause her former spouse to be punished for contempt of court for nonpayment of child-support money accrued during the minority of the children. The rationale of these decisions is that the court's jurisidiction to enforce support money judgments by the extraordinary remedy of contempt is predicated upon the continued dependency of the children, and the need to insure support for these children during their minority. However, when a child reaches majority, the purpose and justification for this extreme remedy terminates. (See *Hampton v. Hampton*, 303 Minn. 500, 229 N.W.2d 139 (1975); *Dawson v. Dawson*, 71 Wash. 2d 66, 426 P.2d 614, 32 A.L.R. 3d 885 (1967); *Gersten v. Gersten*, 281 So.2d 607 (Fla. App. 1973); 27B C.J.S. *Divorce* §321(6), at 656, and decisions annotated therein (1959).) In Illinois, as in the other jurisdictions deciding this issue, legislative enactments demonstrate the interest of the State in the support of *minor* children (*e.g.*, the Divorce Act, Ill. Rev. Stat. 1975, ch. 40, pars. 19, 20; the Revised Uniform Reciprocal Enforcement of Support Act, Ill. Rev. Stat. 1975, ch. 68, par. 109). Further, section 15 of the Divorce Act provides that "after the children have attained majority age, the court has jurisdiction to order payments for their support for educational purposes only," thereby indicating the limited interest of the legislature in the support of adult children of divorced parents. Also, as in the other States resolving this question, the power of contempt in Illinois courts is viewed as a harsh and extreme sanction which, especially as it concerns the payment of a money decree, should be resorted to only where there is no other reasonable means by which the judgment may be enforced and then not in the first instance. (*Tudor v. Firebaugh*, 364 Ill. 283, 4 N.E.2d 393; *Goodwillie v. Millimann*, 56 Ill. 523.) Thus, we find the reasoning of those other jurisdictions following the majority rule to be* persuasive and applicable to the instant case, and we hold that contempt is not a proper means of enforcing payment of support arrearages where the children have reached their majority.

■■ In so holding, however, we emphasize that past due child support payments are vested rights, and the custodian of the children does not lose her right to collect the arrearage in support. (*Lewis v. Lewis*, 48 Ill. App. 3d 281, 363 N.E.2d 106; *Doty v. Doty*, 45 Ill. App. 3d 213, 359 N.E.2d 784; *In re Estate of Weaver*, 3 Ill. App. 2d 448, 122 N.E.2d 599; *Wickiser v. Powers*, 324 Ill. App. 130, 57 N.E.2d 522.) Therefore, the judgment of the trial court finding defendant $29,630 in arrears is valid and enforceable by ordinary remedies. That portion of the order finding defendant in contempt and imposing sentence is reversed.

In view of this finding it is unnecessary to consider defendant's assignments of error which relate to the contempt order. However, the issue as to the trial court's award to plaintiff of attorney's fees for the defense of this appeal remains. After the notice of appeal from the judgment and order of contempt against defendant was filed on December 15, 1976, plaintiff filed a motion requesting attorney's fees and suit money on appeal. Defendant filed objections thereto alleging that the trial court had no jurisdiction to award attorney fees as the appeal had already been perfected, and also because there is no statutory provision authorizing such an award. Defendant reiterates these contentions now on appeal from the order of the trial court entered March 15, 1977, granting plaintiff's motion.

Formerly, a provision of section 15 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16) stated:

"In case of an appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall deem reasonable and proper * * *"

However, effective October 1, 1976, the Divorce Act was amended so as to delete this provision. Even prior to the deletion of the provision on attorney fees for appeal some appellate courts had interpreted that portion of the statute as only authorizing attorney fees to defend an appeal from the original divorce decree and as not applying to appeals from post-decretal orders. For a discussion of the division of authority in Illinois on this matter, see *Walberg v. Walberg*, 48 Ill. App. 3d 47, 362 N.E.2d 765 (1977).

■■ The appellate courts of this State have repeatedly held that the only power to allow solicitors fees to defend an appeal involving a matrimonial situation is by virtue of section 15 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16). (*Jenkins v. Jenkins*, 91 Ill. 167; *Arndt v. Arndt*, 399 Ill. 490, 78 N.E.2d 272; *Jacobs v. Jacobs*, 328 Ill. App. 133, 65 N.E.2d 588; *Shaffer v. Shaffer*, 219 Ill. App. 200; *Balswic v. Balswic*, 179 Ill. App. 118.) Consequently, when the legislature amended the Divorce Act by deleting that provision of section 15 of the Divorce Act, it was obvious that the trial court was stripped of its authority to allow attorney's fees for the appellee pending the appeal. However, this section had reference only to an award of attorney's fees pending the appeal. It does not affect the power of the trial court to grant attorney's fees after a hearing subsequent to the termination of appeal. (*Bramson v. Bramson*, 17 Ill. App. 2d 87, 149 N.E.2d 399.) The record in this case indicates that there was no hearing, and the judge upon the filing of the motion reserved the amount of fees pending the termination of the appeal. However, it has

long been the law in Illinois that in a divorce proceeding allowance of attorney's fees is not automatic but depends upon a showing that one of the parties is financially unable to pay his own fees and that the opposing party does have such ability. (*McLeod v. McLeod*, 133 Ill. App. 2d 111, 272 N.E.2d 834.) Consequently, the trial court's order awarding attorney's fees for the appellee pending the appeal must be set aside.

Accordingly and for the reasons discussed herein, that portion of the judgment of the trial court awarding plaintiff $29,630 in child-support arrearage from defendant is affirmed. That portion of the judgment finding defendant in wilful contempt and imposing sentence thereon is reversed. The March 14, 1977, order awarding plaintiff attorney's fees for appeal is also reversed. This cause is remanded to the Circuit Court of Madison County for further proceedings in accordance with this opinion.

Affirmed in part, reversed in part and remanded.

KARNS and JONES, JJ., concur.