**Charlotte J. HOLMES, Appellant,**

**v.**

**Charles E. BURKE, Appellee.**

Court of Appeals of Kentucky.

Jan. 29, 1971.

Raymond C. Arny, Louisville, for appellant.

Herman E. Frick, Robert L. Durning, Jr., Louisville, for appellee.

NEIKIRK, Judge.

The appellant, Charlotte J. Holmes, was divorced from the appellee, Charles E. Burke, on May 2, 1961. During the divorce proceedings, the parties entered into an agreement that included settlement of property rights, alimony, custody of their three children, visitation rights, and support payments for the children. Appellant was awarded the custody of the children. Appellee was given permission to visit his children on Saturday or Sunday between the hours of 1 p. m. and 5 p. m. Appellee agreed to pay to appellant $117.68 a month for the support of the children. The judgment granting the divorce adopted and incorporated the agreement.

Appellee testified that he saw his wife four or five times in 1961, and that he was permitted to see his children only twice during that year. On one of the occasions he was told not to come back. Appellant testified that the last time she saw appellee was at her home in 1962, and that at that time she requested payment for child support. She admitted that she made no further demand on appellee for payment until 1968.

On January 3, 1962, appellant married a Mr. Sampsel. This marriage was terminated by divorce in October 1962. On November 2, 1962, appellant married Kenneth Holmes. In September 1963, the appellant and her children went with her husband, Kenneth Holmes, to live in Germany. They remained in Germany until May 1967, at which time they returned to live in Peoria, Illinois. In July 1968, appellant and her family moved back to Kentucky.

Appellant's first contact with appellee after returning from Germany was in September 1967. She called appellee on the telephone to see if he would consent to her husband's adopting the children. There was no mention at that time of child-support arrearages. At the time, the children were enrolled in school under the name "Holmes." Neither of the parties gave the other his or her address.

In September 1968, appellee received a notice from the Jefferson Circuit Court, demanding that he show cause why a judgment should not be entered against him in

favor of the appellant in the sum of $9,-732.96. Appellee received the notice at his place of employment, Jack's Factory Outlet, 195 East Main Street, Columbus, Ohio. The date of the hearing was set for October 29, 1968. Appellee appeared in court without counsel.

Appellee contends that he had received a letter from appellant's attorney postmarked August 29, 1968, but that the letter had not reached him until some time after he had received the notice of the hearing. The letter was addressed to 369½ South Wood Street, Columbus, Ohio, were appellee had lived three or four years prior to 1968. The letter advised appellee that if he would consent to the adoption of his children by Kenneth Holmes he would be relieved and forgiven of the maintenance arrearages owed by him under the divorce decree. Included in the letter was a consent agreement.

Appellee stated at the hearing that he had signed the consent agreement and had it with him to show to the court why a judgment should not be entered against him in favor of the appellant in the amount of the arrearages. Appellee presented the consent agreement as evidence to the court. However, he did not deliver the consent agreement to the court or to the appellant in order that the proceedings for adoption might be consummated. The original hearing was held before a commissioner. The commissioner filed a report on November 1, 1968, recommending that a judgment be entered against appellee for $9,732.96. Subsequently, appellee filed exceptions. His motion was sustained, and he was granted a second hearing. At the second hearing, in January 1969, appellee was represented by counsel, and another commissioner heard all of the evidence. On March 21, 1969, the commissioner filed his report, recommending that the award by the first commissioner be set aside and the show-cause rule be dismissed. The report was confirmed and this appeal followed.

The second commissioner submitted to the trial court an excellent and lengthy summary of the facts in this case, setting forth the legal arguments and supporting authorities of both parties. However, the conclusions of the commissioner leave much to be desired. The legal basis for the determination to deny recovery to the appellant at most is vague. We conclude from the commissioner's report, confirmed by the trial court, that he considered that appellee's entire case in evidence and in law merited the result. We do not concur.

Appellee contends that: (1) An implied agreement between the parties waiving appellee's visitation rights vitiated payment of child support; (2) an express agreement was made by the parties waiving child support in return for appellee's consent to the adoption of the children by appellant's present husband; (3) by appellant's acts and deeds she is estopped and has waived any claim of unpaid maintenance; and (4) appellant is barred by laches from obtaining reimbursement for child support which she voluntarily paid for nearly six years without demand upon appellee for payment.

Appellant contends that there was no agreement, implied or express. Further, that in an action to obtain judgment for unpaid monthly payments for child support, the doctrine of estoppel or laches cannot be applied.

■ We do not find that an agreement, implied or express, was made by the parties.

■ In Davis v. Davis, Ky., 431 S.W.2d 866, we affirmed a judgment of the Jefferson Circuit Court based on a finding that the parties had agreed that the father would not visit the child and that the mother would not collect child support payments. We do not have such an agreement in the instant case. The appellee contends that such an agreement was implied in view of the fact that appellee was denied

visitation rights. It is true that appellee was not able to visit his children, but this did not operate to modify the original judgment in the divorce proceeding. Dalton v. Dalton, Ky., 367 S.W.2d 840.

A father, on his own initiative, may not cease to make monthly support payments for his offspring even though visitation rights are made impossible by a mothers taking the children out of the state. Beutel v. Beutel, 300 Ky. 756, 189 S.W.2d 933; Spencer v. Spencer, Ky., 312 S.W.2d 360.

Appellee contends that appellant expressly agreed to waive any alleged child-support arrearages in return for appellee's written consent to adoption. The appellee had signed the consent to adoption, and there had been an offer to waive collection of back payments due in exchange for the consent affidavit. The appellee presented the signed papers as evidence, but we fail to find that he delivered the signed adoption papers to the appellant or to her attorney. If appellee had in fact accepted the offer of appellant by signing and delivering the necessary papers to permit the adoption of his children by appellant's present husband, then the consummated agreement could be enforced and approved by the trial court as an agreement modifying the original judgment. Davis v. Davis, supra. Such an agreement must be reasonably certain. Story v. Story, Ky., 423 S.W.2d 907. We find in the instant case that no binding agreement was made and entered into by the parties whereby appellee would not have to pay the monthly child support payments as set out in the original judgment of divorce.

Appellee's argument that appellant waived her right to child support, and is estopped to collect the judgment, is based on appellee's conclusion that there was an implied as well as an express agreement relieving appellee of the duty to pay the monthly support payments. This posture must fall as we find that the evidence and applicable law do not support such a result.

Appellant made little or no demand on appellee for payment of the child support money for nearly six years and made little or no attempt to enforce collection of the judgment in any court. This inactivity and alleged laches on the part of the appellant cannot be attributed to the children for whose benefit the original maintenance award was made. Glanton v. Renner, 285 Ky. 808, 149 S.W.2d 748.

Appellee concedes that the defense of laches is not effective as against the children in an action for their benefit, but he insists that it is effective where the mother is the real party in interest and is seeking reimbursement.

We do not agree that the instant case presents a situation of "reimbursement" in the true sense. Here, the claim is for judgment for definitely fixed, past-due periodic payments. In "reimbursement" the claim consists of an actual out-of-pocket expended sum of money. In the case before us, the claim is fixed by judgment. In claims for reimbursement, on the other hand, there is no fixed determined sum to begin with, and the evidence must establish the amount expended and its purpose. In the instant case, the only issue is whether an excusable reason existed not to pay the sum which had already been fixed. We do not find that appellee is or should be excused from paying the monthly payments already fixed and past due amounting to the sum of $9,732.96.

The judgment is reversed for entry of judgment consistent herewith.

All concur.