Roy Thomas McINTOSH, Appellant,

v.

Judith Ann McINTOSH, Appellee.

Court of Appeals of Kentucky.

March 12, 1971.

Custody of their infant daughter Kimberly Jean, then one year of age, was awarded to Judith and Roy was ordered to make support payments of $35 per week. In February 1970 Roy moved that the judgment be modified so as to award custody of Kimberly Jean to him. Judith countered with a motion in which she stated that Roy had made none of the support payments required by the judgment and was in arrears in the amount of $4,690, and in which she sought a rule to require Roy to show cause why he should not be held in contempt for failure to comply with the judgment. After a hearing, the court entered judgment overruling Roy's motion for change of custody, adjudging Roy to be indebted to Judith in the amount of $4,952 for delinquent support payments, ordering Roy to pay attorney's fees, and confirming Judith's right to legal custody of Kimberly Jean, but with temporary physical possession of the child to be placed in the hands of the Catholic Social Services of Covington, Kentucky, pending further order of the court, Roy being ordered to pay $50 per month to that agency during the period of its possession of the child.

Roy has appealed from the latter judgment complaining both of the denial of a change of custody and of the award against him for delinquent support payments.

Roy maintains that the evidence produced by him at the hearing on the motions showed that Judith was unfit to have custody of their child. Roy's motion for change of custody alleged that Judith had a mental disorder rendering her incapable of the responsibility of caring for the child. His evidence showed that one day in 1968 Judith attempted to jump from a bridge into the Ohio River, following which she was confined in Eastern State Hospital for a time. However, Judith's evidence attributed the bridge incident to something that had been put in a drink she had taken; and she testified that she was released from Eastern State Hospital after being there only three days. A clinical psychologist with a social service agency, who had coun-

Louis W. Gorman, Covington, for appellant.

Lambert Hehl, Jr., Newport, for appellee.

CULLEN, Commissioner.

Roy Thomas McIntosh and Judith Ann McIntosh were divorced in August 1967.

seled with Judith for some time, stated her opinion that Judith was a fit and proper person to have custody of the child, but that pending the completion of a vocational training course Judith then was taking, which would qualify her for earning a living it would be better for the child to be placed temporarily in a foster home.

■ We think the evidence as a whole showed that Judith was immature, inexperienced, not well qualified to meet life's problems, and not prepared vocationally to earn a living. This was attributable in large part to her youth and the fact that she had no immediate family to give her guidance, her mother being dead and her father residing in another state. The testimony of the psychologist, however, was that Judith was making good progress under therapy courses at the social service agency, was learning a vocation, and would be equipped to have custody of the child upon completion of the vocational course. The evidence as a whole was not such as to require a finding that Judith was unfit, her fitness being measured in the light of the rule that normally a mother is better suited for the custody of an infant child. We make the observation that a good share of Judith's difficulty may be attributable to Roy's complete evasion, beginning before the divorce, of any responsibility, financial or otherwise, for the welfare of his child.

Roy complains of the fact that prior to the instant proceeding, Judith had placed the child in the temporary possession of the Catholic Service Organization, without his consent and without a court order. We see no reason to pursue this complaint, in view of the fact that the circuit court, in the judgment here on appeal, specifically approved the arrangement for temporary custody.

■ With respect to the award for delinquent support payments, Roy maintains that Judith entered into an agreement with his mother, immediately following the divorce judgment, under which his mother allowed Judith and the child to live rent-free in an apartment owned by the mother, and under which the mother purchased food and clothing for the child, in lieu of Roy's obligation to make support payments. The evidence showed that Judith and the child did live for a substantial period of time in an apartment owned by Roy's mother, and that the mother did on occasion buy food and clothing for the child, but Judith denied that there was any agreement whereby Roy was to be relieved of the support payments. The lower court was warranted in finding that there was no such agreement. See Holmes v. Burke, Ky., 462 S.W.2d 915 (1971); Story v. Story, Ky., 423 S.W.2d 907.

The judgment is affirmed.

All concur.