Robert J. SCHMIDT, Appellant,

v.

Otis FOREHAN, etc., et al., Appellees.

EAGLE SAVINGS ASSOCIATION,
Cross-Appellant,

v.

Robert J. SCHMIDT, Cross-Appellee.

Court of Appeals of Kentucky.

April 1, 1977.

Howell W. Vincent, Covington, for appellant and cross-appellee, Robert J. Schmidt.

John R. Elfers, Kenton County Atty., Covington, for appellees, Otis Forehan and Rita Buckley.

Donald L. Stepner, Adams, Brooking & Stepner, Covington, for appellee, Judge James J. Gilliece.

Larry A. Neuman, Cincinnati, Ohio, for appellee and cross-appellant, Eagle Savings Assn.

Before GANT, HOWERTON and WHITE, JJ.

GANT, Judge.

On June 10, 1948, Ann P. Schmidt was divorced from the Appellant herein, Robert J. Schmidt, by a judgment in the Kenton Circuit Court. This judgment provided for payment by the Appellant to Ann Schmidt of the sum of $12.00 per week for the support of their infant child, commencing May 21, 1948. The child was emancipated on November 5, 1964, and the Appellant, Robert J. Schmidt, had made no payments from the entry of the judgment on June 10, 1948, until this emancipation on November 5, 1964. In 1973 the mother of the Appellant died and he was named executor of her estate in Ohio on October 30, 1973, and was sole beneficiary. This estate consisted, in part, of better than $19,000.00 which was on deposit at the Eagle Savings Association, an Ohio corporation, one of the Appellees herein. On December 7, 1973, Ann Schmidt came back into the Kenton Circuit Court and filed her affidavit setting out the delinquency of the Appellant and sought an execution against these funds on deposit with the Appellee, Eagle Savings. After certain funds were permitted to be withdrawn in order to pay debts of the estate and costs of administration, Eagle Savings paid into the Kenton Circuit Court the sum of $17,913.00 pursuant to this execution and garnishment.

This action was brought as a collateral attack against the procedure hereinabove outlined, naming Ann Schmidt and her at-

torneys as parties defendant, as well as the Kenton Circuit Judge, Kenton Circuit Court Clerk and Deputy Clerk and Eagle Savings Association. Pursuant to proper motion, the court dismissed this action against the Circuit Court Clerk and Deputy, the Circuit Judge and Eagle Savings, and it is from the orders dismissing these parties that the Appellant appeals.

Basically, the Appellant founds his contention that the Circuit Judge, the Circuit Court Clerk and Deputy Circuit Court Clerk were liable in this collateral attack on the grounds that the affidavit in support of the Petition for Execution clearly indicated on its face that the collection of any sums due and owing to Ann Schmidt prior to 1958 were barred by the Statute of Limitations. Appellant cites the cases of *Boehmer v. Boehmer*, 259 Ky. 69, 82 S.W.2d 199 (1935); *Dalton v. Dalton*, Ky., 367 S.W.2d 840, 842 (1963); *Whitby v. Whitby*, 306 Ky. 355, 208 S.W.2d 68 (1948); *Bailey v. Bailey*, Ky., 294 S.W.2d 942 (1956). The basic holding in each of these cases is set out in the case of *Spencer v. Spencer*, Ky., 312 S.W.2d 360 (1958), in which the court says, quoting *Whitby, supra*, as follows:

Although the judgment in a case such as the one before us is interlocutory in its nature, it is binding and final until modified and any payments which have become due previous to such modification constitute a fixed and liquidated debt in favor of the judgment creditor against the judgment debtor.

In each of these cases cited by the Appellant, and we might add several of them were relied upon by the Appellees, the sole question presented to the court was the right of the court to modify a decree providing for support by making it retroactive and, obviously, the court has held that this could not be done. In the *Spencer* case, *supra*, the husband sought to avoid payment on the grounds that his wife had taken the child out of the state and the court in that case held that this could not be used in avoidance since these amounts were already adjudicated and had become a fixed debt of the husband. None of these cases

directly attack the question as to when the Statute of Limitations runs on support payments in Kentucky.

The State of Ohio has directly attacked this question. In the case of *Smith v. Smith*, 168 Ohio St. 447, 156 N.E.2d 113 (1959), an action was brought by the wife against the husband some 14 years after the emancipation of the child, the judgment Statute of Limitations in Ohio being a 21-year period. The court therein recites the previous case of *Roach v. Roach*, 164 Ohio St. 587, 132 N.E.2d 742, as follows:

Where a court in a divorce action makes an order for the support of a minor child of the parties payable in installments, over which order the court retains expressly or by implication continuing jurisdiction, such order must be reduced to a lump sum judgment as to unpaid and delinquent installments before an execution may be lawfully levied thereunder.

The court in the *Smith* case states that this latter case is the next step in the proceeding and states as follows:

The usual order for installment support payments is not rendered in the form of a judgment for a sum certain, payable in installments, but, as in the instant case, it is usually an order to pay a certain amount periodically until the minor for whose benefit the order is intended reaches a certain age—usually the age of majority  .   . . .

Ohio and Kentucky both recognize that the court has no power to modify past support payments but Ohio goes on to hold that only when the child reaches the age of emancipation without intervening modifications by the court is the court able to fix a sum certain which is no longer subject to modification. Thus, Ohio uses the date of emancipation as the date upon which the Statute of Limitations begins to run, and we feel that this is the better law for Kentucky to follow.

In the case before us, there was not a judgment for $10,164.00, payable in weekly installments of $12.00 each, but there was, in fact, a judgment that the

husband pay $12.00 per week for the support of his infant child. An additional step would be necessary for execution to issue at any time during the period covered by the case before us, that step being to reduce the amount due to a lump sum payment by further proceedings. For the final amount due, this could not be fixed until the child attained his majority or was otherwise emancipated. It is the opinion of this court that the Statute of Limitations would not begin to run until such time as the delinquency was reduced to a lump sum payment or until emancipation of the child, whichever was the former. It is our further opinion that interest would not be due on said lump sum payment until that time, which, in the instant case, would be from the date of emancipation, and that it would be simple interest and not compound interest.

■ Appellant further contends that the circuit judge was liable for failure to notify the judgment debtor in this case. *Ky.Rev.Stat.* 425.190 does not require that the judgment debtor be served with notice by the court but merely places upon the garnishee the duty of notifying the judgment debtor, and we feel that this is without merit. We would also, under these circumstances, apply the doctrine of judicial immunity.

■ Nor do we feel that there is any liability upon the circuit court clerk or the deputy circuit court clerk, as there is a total absence of any indication of any administrative or ministerial act by these two persons which would render them liable to the Appellant.

■ The last question presented by the Appellant's brief and, in part, presented by the Cross-Appellant, Eagle Savings, is the question of the dismissal of this action against Eagle Savings. Process was obtained by the Appellant against Eagle Savings by serving a vice president of that corporation whose residence was in Kentucky. It is admitted in this case, through pleadings, affidavits and absence of affidavits, that Eagle Savings did not transact any business in this Commonwealth or transact business outside the Commonwealth while regularly soliciting or doing business herein, or perform any act which would subject him to the jurisdiction of the courts of this Commonwealth under the "Long Arm Statute," *Ky.Rev.Stat.* 452.450, apparently confusing a statute relating to venue with the statute relating to jurisdiction. It is the opinion of this Court that the lower court properly sustained the motion to dismiss. Cross-Appellant would have this Court modify the findings of the lower court by sustaining its motion to quash, but it is our opinion that the notes contained in *Kentucky Practice*, Vol. 6, on page 46 thereof, under Rule 4.04(5), properly set out the procedure, as follows:

> If a foreign corporation is not doing business in this state, the court could not acquire jurisdiction over it (assuming objection was properly and timely made) even if its president was served with summons. However, from a realistic standpoint, the service, as service, would be proper under this Rule. It would seem that the objection should be raised on ground 2 of Rule 12.02 (lack of jurisdiction over the person) either by motion or answer, rather than on ground 5 of that rule (insufficiency of service of process).

For the reasons above stated, the judgment is affirmed.

ALL CONCUR.