**William H. HARVEY, Appellant,**

**v.**

**Opal Harvey McGUIRE, Appellee.**

Court of Appeals of Kentucky.

June 25, 1982.

John G. Wright, Warsaw, for appellant.

Otto Daniel Wolff, Covington, Terry E. Fox, Louisville, for appellee.

Before HOGGE, HOWERTON and WHITE, JJ.

HOGGE, Judge.

William Harvey appeals from a June 12, 1981 judgment of the Carroll Circuit Court in which his former wife, Opal Harvey McGuire, was held to be entitled to the amount of $3,033.32 in delinquent child support. Opal was also awarded attorney's fees and interest. The child support award represents money due under an April 27, 1964 judgment of divorce for the support of the parties' daughter, Sandra. Sandra attained her majority in October of 1971, more than nine years prior to the award for delinquent child support. William contends that Opal's motion for a judgment on child support arrearages should have been denied on the grounds that she was not the real party in interest and that the action was barred by the applicable statute of limitations.

CR 17.01 requires that every action be prosecuted in the name of the real party in interest. CR 19.01 imposes certain requirements with regard to joinder of persons in whose absence complete relief cannot be accorded among those already parties, or persons who claim an interest relating to the subject of the action. The appellant contends that the children of William and Opal were the real parties in interest, citing *Glanton v. Renner*, 285 Ky. 808, 820, 149 S.W.2d 748 (1941); *Holmes v. Burke*, Ky., 462 S.W.2d 915 (1971). The *Glanton* and *Holmes* cases each involved the question of whether laches on the part of the mother

should prevent enforcement of a judgment for child support. Based on the fact that the effort in those cases was directed at obtaining child support for the benefit of the parties' minor children, the appellate court held that the defense of laches was not applicable. In *Glanton*, it was specifically stated that the real party in interest in those circumstances was the children.

■ The Kentucky courts have never adjudicated the issue of whether a parent is the real party in interest for the purpose of an action brought after children of the parties attain their majority in which collection of delinquent child support is sought. It is our opinion that the original judgment awarding the appellee child support created a fixed obligation on the part of the appellant and that the appellee had the right to collect that sum. Since the award was to the appellee, who was required to furnish the support that would have otherwise been paid by the appellant, and the children have reached adulthood and no longer require support, it is clear that the real party in interest is the appellee. The conclusion that the appellee was the real party in interest and could properly bring suit in her own name, is supported by numerous cases from other jurisdictions which reached a similar result as to the ability of a parent to collect on a money judgment for child support after the child reached majority. *See Annotation*, 32 A.L.R.3d 888 at § 3 (1970); *see also Fox v. Fox*, 56 Ill.App.3d 446, 14 Ill.Dec. 201, 371 N.E.2d 1254 (1978) in which the Appellate Court of Illinois for the Fifth District held that although contempt was not a proper means of enforcing payment of support arrearages where children had reached their majority, past due child support payments are vested rights, and the custodian of the children did not lose her right to collect arrearages by ordinary means after the children reached their majority. *Fox v. Fox*, 56 Ill.App.3d 446, 14 Ill.Dec. 201, 371 N.E.2d 1254 (1978).

■ The second issue raised by the appellant's brief is whether the circuit court erred in failing to hold that this action was barred under KRS 413.120(2). In *Schmidt v. Forehan*, Ky.App., 549 S.W.2d 320, 323 (1977), a case which also involved delinquent child support, this court held that the Statute of Limitations "would not begin to run until such time as the delinquency was reduced to a lump sum payment or until emancipation of the child, whichever was the former." The court noted that the final amount due could not be fixed until the child attained his majority or was otherwise emancipated. In the case before us, the youngest child of the parties, Sandra, was emancipated when she reached her majority in October of 1971. The final amount due could not be fixed until that date. On March 17, 1981, the appellee filed the motion involved in this case which resulted in a judgment for the lump sum of $3,033.32. KRS 413.090 provides that an action upon a judgment or decree of any court of this state shall be commenced within fifteen years after the cause of action first accrued. We are of the opinion that KRS 413.090 is the applicable Statute of Limitations and that *Schmidt v. Forehan, supra*, correctly states the law as to when that statute begins to run under the facts of this case. Less than fifteen years elapsed between the date on which the Statute of Limitations began to run and the date on which the appellee's action was filed. We hold that the circuit court did not err in holding that the action was not barred.

The judgment of the Carroll Circuit Court is affirmed.

All concur.