**Matthew E. GERA, a child, Appellant,**

v.

**Terrance GERA, Appellee.**

**No. 89–CA–1764–MR.**

Court of Appeals of Kentucky.

Aug. 17, 1990.

Case Ordered Published by
Court of Appeals Sept. 21, 1990.

Norrie Wake, Fayette County Atty., Kimberly N. Bunnell, Asst. Fayette County Atty., Lexington, for appellant.

Samuel H. Whitehead, Lexington, for appellee.

Before HOWERTON, C.J., and HOWARD and McDONALD, JJ.

**14**

McDONALD, Judge.

This action was commenced in the Fayette Circuit Court pursuant to KRS Chapter 407 *et seq.*, the Uniform Reciprocal Enforcement of Support Act (URESA). The plaintiff, Patricia McGaha, and the defendant, Terrance Gera, were married in 1967 and divorced in 1974 at which time Gera was ordered to pay support of $20 weekly for the only child of the marriage, Matthew.[1] Terrance, who works for IBM in Lexington, never paid any support for the child. Patricia, a resident of Florida, filed this action seeking an arrearage of $15,200.

The Fayette Circuit Court obtained jurisdiction over Terrance and conducted a hearing. The court found that indeed Terrance owed $15,200 but reduced the arrearage to $0 based on its findings as follows:

A. Defendant has been ready and willing to pay child support but the Plaintiff has never requested that he do so;

B. The Plaintiff kept her whereabouts unknown from the Defendant; thus, the Defendant never had contact with the minor child and Plaintiff waived her rights to child support.

Patricia's motion to alter, amend or vacate the judgment was overruled.

The hearing before Judge Tackett was not transcribed. Because this was a URESA action, Patricia was not present at the hearing. Patricia had supplemented the verified petition with the pertinent information concerning the support owed, including certified copies of the divorce decree and support order, and her affidavit that no support had been paid. That no support was paid was apparently admitted by Terrance and was not at issue.

■ In this appeal it is alleged that the trial court erred as a matter of law in reducing the arrearage to nothing. We agree. Both the statute, KRS 407 *et seq.*, and our well-established case law militate against the action taken by the circuit court. The statute itself plainly and unconditionally offers no forum to litigate disputes concerning custody and/or visitation rights. KRS 407.400 provides as follows:

407.400. Evidence—Civil rules to apply.—In any hearing for the civil enforcement of this chapter the court is governed by the rules of evidence applicable in a civil court action. If the action is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty of support, subject *only to any defenses available to an obligor with respect to paternity or to defendant in an action or a proceeding to enforce a foreign money judgment. The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court.*

(Emphasis added.) That one was deprived of contact with his child is not a defense in this type of action. The enforcement of a child support obligation is "unaffected" by "*any* interference" with the obligor's visitation rights. *Id.* The trial court thus erred as a matter of law in considering and accepting Terrance's defenses.

■ Furthermore, even if defenses as those utilized by the trial court were available under URESA, it is well settled in this jurisdiction that visitation and child support are separate rights with separate remedies. *See Holmes v. Burke*, Ky., 462 S.W.2d 915 (1971). Even if the custodial spouse makes it "impossible" for the noncustodian to exercise visitation rights, one's remedy is not to stop making support payments. *Id.*, at 918. *See also* KRS 403.240.

■ The fact that Patricia did not demand that Terrance make the payments is likewise no justification for the court's judgment. *Id. See Dalton v. Dalton*, Ky., 367 S.W.2d 840 (1963); *Whitby v. Whitby*, 306 Ky. 355, 208 S.W.2d 68 (1948).

While we do not condone a custodial parent's efforts to frustrate the rights of the

1. Patricia has died since the commencement of this action and her son, by agreement of the parties, has been substituted as the plaintiff/appellant.

noncustodial parent to visit his or her child, the remedy fashioned by the trial court is not legally tenable.

The judgment of the Fayette Circuit Court is reversed and remanded for entry of judgment in favor of the appellant consistent with this opinion.

All concur.