Linda Lee **BOLLENGIER** f/k/a Linda Lee Charlet, Appellant,

v.

Carl Walker **CHARLET,** Sr., Appellee.

No. 2003–CA–000300–MR.

Court of Appeals of Kentucky.

May 28, 2004.

Deborah B. Simon, Paducah, KY, for Appellant.

Brian S. Katz, Law Office of Brian S. Katz, Paducah, KY, for Appellee.

Before BUCKINGHAM, JOHNSON, and KNOPF, Judges.

## OPINION

KNOPF, Judge.

Linda Bollengier appeals from an order of the McCracken Family Court, entered December 6, 2002, denying in part her motion to enforce the child-support provisions of the 1983 decree dissolving her marriage to Carl W. Charlet, Sr. The trial court ruled that the statute of limitations barred Bollengier's collection of a portion of the alleged child-support arrears. Bollengier contends that the family court misapplied the limitations statute. We affirm.

Bollengier and Charlet had two children. The 1983 dissolution decree provided that Charlet was to pay child support in the amount of $50.00 per week, $25.00 per week per child. Apparently Charlet made none of these payments. In 1988 and 1989 Bollengier intercepted Charlet's tax refunds totaling almost $700.00. On October 22, 1989, Bollengier's new husband adopted the children, and Charlet's duty to support them ceased. In October 2002, Bollengier initiated the present matter by moving for an order "to withhold income." She alleged that Charlet's arrears totaled $18,550.00 plus interest less the tax intercepts.

In denying this motion in part, the family court correctly ruled that the applicable limitations period was the fifteen-year period KRS 413.090 provides for "[a]n action upon a judgment or decree of any court of this state or of the United States." This period began to run, the court further ruled, on each installment of child support as it became due and was unpaid. Accordingly, the court held that "all payments which had accrued and remained unpaid prior to December 1, 1987 are time barred."[1] Only the ninety-five-week period between December 1, 1987, and October 22, 1989, the court held, remained within the limitations period. Charlet's arrears, then, less the tax intercepts, came to $4,053.20. It is from the order limiting her recovery to that amount that Bollengier has appealed.

Bollengier contends that the limitations period did not begin to run until October 1989 when the adoption proceeding terminated Charlet's support obligation and fixed the final amount of his arrears. She relies on *Schmidt v. Forehan*[2] and *Harvey v. McGuire*,[3] wherein this Court held that the limitations period "would not begin to run until such time as the delinquency was reduced to a lump sum payment or until emancipation of the child, whichever was the former." She insists that the delinquency was not reduced to a lump sum payment until the adoption proceeding.

Charlet argues, on the other hand, and apparently the family court agreed, that each installment of delinquent child support is to be deemed a lump sum and that the statute of limitations begins to run as soon as the installment is due and unpaid. This is indeed the majority rule,[4] and as

---

1. The court does not explain how it arrived at December 1, 2002, as the date when the statute was tolled. Ordinarily, of course, it is the initiation of the action that tolls the statute, but this action was initiated well before December 1, 2002. Bollengier, however, did not object, so any error in this regard has been waived.

2. Ky.App., 549 S.W.2d 320 (1977).

3. Ky.App., 635 S.W.2d 8 (1982).

4. Annotation, 70 A.L.R.2d 1250 (1960); 47 Am Jur 2d Judgments § 972 (1995) ("When a judgment is payable in installments, the general rule is that the limitations period is staggered, with the statute beginning to run with respect to each installment when it becomes due.")

Charlet notes it is the rule this Court applied (although without discussion) in *Mauk v. Mauk.*[5]

The family court, we believe, correctly applied the majority rule. In *Stewart v. Raikes,*[6] our Supreme Court emphasized that delinquent child-support payments constitute a "liquidated debt in favor of the judgment creditor against the judgment debtor."[7] The judgment debt could be enforced, could be executed upon, the Court held, without first having been reduced to a lump-sum judgment. Although the statute of limitations was not at issue in *Stewart v. Raikes,* its holding is contrary to the rationale of *Schmidt* and *Harvey.* In *Schmidt* the Court opined that "[a]n additional step would be necessary for execution to issue at any time during the period covered by the case before us, that step being to reduce the amount due to a lump sum payment by further proceedings."[8] Reduction to a lump sum, the court believed, was thus a prerequisite to the operation of KRS 413.090. By invalidating this rationale, the Supreme Court effectively overruled *Schmidt* and *Harvey.* The *Schmidt* court was correct to say that the limitations period begins to run on a judgment when the judgment becomes executable or "from the date of the last execution thereon."[9] For any given child-support installment, however, as *Stewart v. Raikes* holds, the date it becomes executable is the date the installment accrues and goes unpaid. The family court correctly so ruled. Accordingly, we affirm the December 6, 2002, order of the McCracken Family Court.

ALL CONCUR.

---

**5.** Ky.App., 873 S.W.2d 213 (1994).

**6.** Ky., 627 S.W.2d 586 (1982).

**7.** *Id.* at 588 (citation and internal quotation marks omitted).

**8.** *Schmidt v. Forehan,* 549 S.W.2d at 323.

**9.** KRS 413.090(1).