COLEMAN, J.,
dissenting.
Relying on Bennett v. Commonwealth, 15 Va.App. 135, 422 S.E.2d 458 (1992), the majority “conclude[s] that the twenty-year statute of limitations in Code § 8.01-251 [to bring an ‘action ... on a judgment’] only applies to a liquidated money judgment.” Thus, because the spousal support decree in Bennett established an award that was ongoing and continued to accumulate periodically until the wife or obligor spouse died or remarried and further was subject to modification by the trial court, the amount due was unliquidated until such time that an arrearage had been determined. Accordingly, the majority reasons, that like the situation in Bennett, where, as here, the child support arrearage had not been reduced to a money judgment, the amount of child support owed by appellant was an “unliquidated, ongoing child support order,” and, therefore, the Code § 8.01-251 twenty-year statute of limitations likewise does not apply.
*345 While I agree with the majority that our holding in Bennett contains the principles that govern resolution of this case, in my view, those precepts do not necessarily dictate the result reached by the majority. Because there is a significant fundamental difference as to the ongoing unliquidated support order in Bennett and a child support obligation that terminated and became fixed by operation of law,[9] that difference allows for and dictates a different result, in my opinion. Where I differ from the majority is the legal impact that the youngest child’s emancipation, or any other support obligation that is terminated and becomes fixed by operation of law, had on appellant’s child support obligation. Also, I disagree that no principled reason exists to treat a fixed child support obligation different from an ongoing, unliquidated spousal support obligation. In my view, the youngest child having attained the age of majority converted the arrearages, by operation of law, from an “unliquidated, ongoing child support order” to a fixed and ascertainable sum certain. Thus, because that sum certain was due, payable, ascertainable, and not modifiable as of June 24, 1982, I would hold the twenty-year limitation of Code § 8.01-251(A) bars DCSE’s claim to recover the past due child support obligations and accumulated interest on behalf of the 42-year-old youngest child. Accordingly, I respectfully dissent.[10]
Initially, I acknowledge that child support “payments are fixed according to the needs of the child or children,” Fearon *346 v. Fearon, 207 Va. 927, 931, 154 S.E.2d 165, 167 (1967), and that “[t]o bar the child because of a parent’s failure to timely assert the child’s claim for support ... [would be] to deprive the child of that support which belongs to him for reasons over which the child has no control.” Wilson v. Wilson, 464 So.2d 496, 499 (Miss.1985). However, “[statutes of limitations are designed to insure fairness to defendants by preventing the revival of stale claims in which the defense is hampered by lost evidence, faded memories, and disappearing witnesses, and to avoid unfair surprise.” Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 473, 95 S.Ct. 1716, 1726, 44 L.Ed.2d 295 (1975) (Marshall, J., dissenting); see Carter v. Carter, 232 Va. 166, 172, 349 S.E.2d 95, 98 (1986) (“Protection of defendants against stale claims is recognized and accepted as a legitimate legislative concern.”).
Statutes of limitation “serve an important and salutary purpose.” Burns v. Stafford County, 227 Va. 354, 359, 315 S.E.2d 856, 859 (1984). Indeed, without limitations on actions, defendants could find themselves at the mercy of unscrupulous plaintiffs who hoard evidence that supports their position while waiting for their prospective opponents to discard evidence that would help make a defense. In light of the policy that surrounds statutes of limitations, the bar of such statutes should not be lifted unless the legislature makes unmistakably clear that such is to occur in a given case. Where there exists any doubt, it should be resolved in favor of the operation of the statute of limitations. Id. Thus, courts are obligated to enforce statutes of limitation strictly and to construe any exception thereto narrowly.
Westminster Investing Corp. v. Lamps Unlimited, 237 Va. 543, 547, 379 S.E.2d 316, 318 (1989).
Different jurisdictions have juxtaposed these competing principles in various ways where child support is at issue to accommodate the needs of the child as well as the fairness to the obligor parent. Some states allow “the statute of limitations ... to run as against each installment that becomes due,” others “provide that such a limitations period does not *347 begin to ran until the child becomes of age and the duty to support has come to an end,” or, “where there has been a judgment for arrearages, when the judgment was entered.” 24A Am. Jur. 2d Divorce and Separation § 980 (2008) (citing cases). Still others have held “proceedings to enforce alimony and child support orders are equitable proceedings that are not barred by the statute of limitations.” Brumby v. Brumby, 647 So.2d 330, 331 (Fla.Dist.Ct.App.1994). Here, the majority holds based upon Bennett, that as to the spousal support obligation the twenty-year statute of limitations period begins to ran only upon the entry of a liquidated money judgment establishing the arrearages. While Bennett provides significant instruction as to how Virginia courts are to treat support obligations in light of Code § 8.01-251,1 believe that different factors come into play with the support obligation in this case and the Bennett decision does not preclude the statute of limitations period from beginning to run upon the emancipation of the child as well as when a money judgment for arrearages is entered either as to spousal or child support.[11]
The primary issue in Bennett was whether to apply the statute of limitations to a spousal support order whose final obligation remained uncertain so long as ongoing future periodic payments will continue to accrue. Under the facts presented to the Bennett panel, a spousal support order could take on two forms: (1) an “ongoing, unliquidated spousal support obligation [or (2) ] one that adjudicates a sum certain *348 or liquidated amount due and owing.” Bennett, 15 Va.App. at 140, 422 S.E.2d at 461. Bennett, dealing with spousal support rather than child support, had no reason to contemplate or address a third scenario, which we have in the instant case, where a child support decree ceases to be “ongoing” by operation of law.[12] When considering a child support order, a “‘parent has the legal obligation to support his [or her] children only during their minority.’ ” Goldin v. Goldin, 34 Va.App. 95, 103, 538 S.E.2d 326, 330 (2000) (quoting Cutshaw v. Cutshaw, 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979)) (emphasis added). Unless otherwise provided,[13] the jurisdiction of the divorce court to provide for a child’s support and maintenance terminates once the child reaches the age of majority. Eaton v. Eaton, 215 Va. 824, 827, 213 S.E.2d 789, 792 (1975). Accordingly, a support obligation that terminates upon the emancipation of a child is no longer an “ongoing” obligation because the obligee parent does not continue to accrue payments due to him or her under the support order.
Once the support obligation ceases it is no longer “ongoing,” but in order for the statute of limitations to begin to run the amount owed must also be “liquidated.” The majority mistakenly reads Bennett, in my opinion, to say that a liquidated amount can only be rendered by a judgment for arrearages calculated and rendered by the court. We explicitly held in Bennett that “Code § 8.01-252 [now Code § 8.01-251] embraces an order for a sum certain or liquidated amount for spousal [or child] support.” 15 Va.App. at 142, 422 S.E.2d at 462 (emphasis added). In addition to a judgment for the *349 arrearage, which may be entered periodically as arrearages accrue, a “sum certain” of support due and owing also falls under the mandate of Code § 8.01-251 and the twenty-year limitation period. An ongoing support order cannot be “liquidated” because future payments are still owed, and the possibility exists that a court may modify the amount of future payments. See Cofer v. Cofer, 205 Va. 834, 140 S.E.2d 663 (1965) (permitting the trial court to modify future support payments). Thus, so long as the obligor parent continues to owe periodic support payments, the total amount due “cannot be determined by a fixed formula” even though the court may determine and enter a judgment for arrearages due at the time. Black’s Law Dictionary 419 (8th ed. 2004) (defining “unliquidated damages”).
However, once the child attains the age of majority, the “[t]ime and circumstances of the parties [have] determine[d] ultimately the total amount to be paid under [the] ... support order.” Bennett, 15 Va.App. at 141, 422 S.E.2d at 462. The support obligation is then a “sum certain” since the entire final amount of the obligation can be “readily computed, based on an agreement’s terms [or the support award].” Black’s Law Dictionary, supra, at 949. It is well settled that “[n]o support order may be retroactively modified.” Code § 20-108; see Riggins v. O’Brien, 263 Va. 444, 447, 559 S.E.2d 673, 675 (2002). Furthermore, payments due under a support order vest once they become due and cannot be modified. Once the child reaches the age of majority, the obligor parent owes no further payments under the support order and the amount owed is a sum certain due and payable. Accordingly, I believe that because the support obligation became a “sum certain” when the child was emancipated, the Bennett rationale for not applying the statute of limitations to an ongoing unliquidated support order was obviated. I thus would hold the statute of limitations ‘“would not begin to run until such time as the [arrearage] was reduced to a lump sum payment or until emancipation of the child, whichever was the former.’” Harvey v. McGuire, 635 S.W.2d 8, 9 (Ky.Ct.App.1982) (quoting *350 Schmidt v. Forehan, 549 S.W.2d 320, 323 (Ky.Ct.App.1977)) (emphasis added).
In summary, I believe the majority’s characterization of appellant’s obligation under the 1966 child support order as “an unliquidated, ongoing child support order” is inaccurate since the amount was a sum certain by operation of law when the child became emancipated. Appellant’s support obligation was not “ongoing” because, as the majority concedes, appellant was no longer required under the 1966 decree to pay child support as of June 24, 1982, when the youngest child attained the age of majority. Further, it cannot be said appellant’s obligation is “unliquidated.” Because appellant owed no more payments after June 24, 1982, and all previous payments were not subject to modification, appellant’s obligation under the support order was a sum certain or became a liquidated amount—that is “a figure readily computed, based on an agreement’s terms [or the court’s award].” Black’s Law Dictionary, supra, at 949. Accordingly, in my view, the statute of limitations should have begun to run on June 24, 1982. DCSE did not file its petition to enforce the 1966 child support order until July 7, 2008. Therefore, I would hold that the twenty-year limitation under Code § 8.01-251 barred recovery of all arrearages as of June 24,1982.
Finally, I observe that by allowing the statute of limitations to begin to run upon the emancipation of the minor child would not, in a very significant respect, treat child support payments differently from spousal support payments. Indeed, unless otherwise indicated in the support order, both child and spousal support automatically cease by operation of law upon the occurrence of certain events. Pursuant to Code § 20-109, a spousal support obligation “shall terminate upon the death of either party or remarriage of the spouse receiving support,” and similarly child support ceases upon the child reaching the age of majority except when the child is disabled or until he or she finishes high school. In my view, our holding in Bennett would not permit a spouse who has remarried to collect *351 spousal support arrearages more than twenty years after having remarried.[14]
For these reasons, I respectfully dissent from the majority’s affirmance of the trial court’s ruling.

. Notably, and in contrast to the facts in Bennett, a spousal support obligation becomes fixed and ascertainable as a sum certain when either the obligee spouse remarries or either spouse dies, Code § 20-109, and, in my view, the statutory bar of Code § 8.01-251 would prohibit any action to recover those past due amounts after twenty years from the date that the sum certain became fixed and ascertainable.

. I agree with the majority that under Bennett, of which I was a panel member, "our analysis of the distinction between an ongoing, unliquidated support order and a liquidated money judgment under Virginia law transcends a URESA proceeding.” Further, the majority correctly holds it is inconsequential for the present determination that the facts in Bennett involved another state’s law where support payments do not vest immediately upon becoming due.

. We need not address the propriety of the other options, as we have rejected creating a new statute of limitations period for each individual support payment as it vests and becomes due. Bennett, 15 Va.App. at 144, 422 S.E.2d at 463 ("Because of the ongoing nature of a spousal support order, no time limitation is placed upon the obligee spouse within which to obtain a judgment for accumulated arrearages.”). On the other hand, we have recognized situations where the statute of limitations applies to support payments. See Carter, 232 Va. at 173, 349 S.E.2d at 99 (applying the ten-year statute of limitations period to a lump sum foreign spousal support); Sheffield v. Sheffield, 207 Va. 288, 292, 148 S.E.2d 771, 774 (1966) ("The entry of judgment for accrued arrearages is generally recognized as a method of enforcing payment of the amount due.”); Taylor v. Taylor, 14 Va.App. 642, 648, 418 S.E.2d 900, 903-04 (1992).

. It would have been inappropriate to do so in that case because the wife filed her URESA petition less than ten years after she remarried. Thus, the termination of the spousal support obligation by operation of law did not fall under the purview of the statute of limitations period. See Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998) (“ ‘[C]ourts are not constituted ... to render advisory opinions ... or to answer inquiries which are merely speculative.' " (quoting City of Fairfax v. Shanklin, 205 Va. 227, 229-30, 135 S.E.2d 773, 775-76 (1964))).

. See Code § 20-124.2 (extending a child support obligation for a disabled child or until the child finishes high school).

. As I understand the majority’s construction and application of the Bennett holding, had she not sought a judgment for arrearages and had remarried, she could nevertheless seek to enforce the support obligation and collect the arrearage even after twenty years from having remarried. I do not understand Bennett to extend that far.